UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **SOUTHLAND INVESTORS LLC** | **CASE NO.  2:22-CV-06098** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **LEXINGTON INSURANCE CO** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is Defendant Lexington Insurance Company's ("Lexington") Motion to Dismiss (Doc. 10), wherein Lexington moves to dismiss under Rule 12(b)(6) Plaintiff's misrepresentation claim under Louisiana Revised Statute § 22:1973, and to dismiss all open-ended allegations set forth in the Complaint, specifically including Paragraphs 39, Paragraph 41(d), and the "etc." set forth in Paragraph 41(b). Plaintiff opposes the motion. Doc. 12. Lexington has replied. Doc. 15.

### I.   BACKGROUND

This diversity action arises from losses sustained from an alleged May 17, 2022 burglary of property located at 804 PPG Drive, Westlake, Louisiana 70669 ("Property"), to which Lexington provided a commercial policy of insurance, Policy Number 026711725-00 (the "Policy") to Plaintiff. Doc. 1., pp. 1–2. Defendant allegedly denied Plaintiff coverage due to a vacancy provision in the Policy; in turn, Plaintiff filed suit claiming Lexington is liable for damages for breach of contract, bad faith adjusting practices under Louisiana Revised Statutes sections 22:1892 and 22:1973, and negligent claims adjusting practices. Doc 1., p. 6.

## II.   RULE 12(b)(1) STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." This rule is read in conjunction with Rule 8(a), which sets forth the pleading standard, "a short plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the Court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). Lastly, the Fifth Circuit has held that "[m]otions to dismiss are viewed with disfavor and are rarely granted." *Test Masters Educ. Servs. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005). Therefore, before the court will deem dismissal proper, "[i]t must appear beyond doubt that the

plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id*. (quoting *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir.1995)).

### III. LAW AND ANALYSIS

Section 22:1973 requires insurers to adhere to a standard of good faith and fair dealing. La. R.S. § 22:1973(A) (2023). An insurer breaches its duty to adjust claims fairly and promptly and make a reasonable effort to settle with the insured or the claimant if it knowingly commits or performs any of the following acts: misrepresents pertinent facts; fails to pay a settlement within thirty days; denies coverage without notice or consent; misleads a claimant as to the applicable prescriptive period; arbitrarily, capriciously, or without probable cause, fails to pay a claim within sixty days of a satisfactory proof of loss; or fails to pay pursuant to Section 22:1893 arbitrarily or capriciously. *Id.* § 22:1973(A), (B) (2023).

#### A. Misrepresentation

Under subsection (B)(1), a "[m]isrepresentation can occur when an insurer either makes untrue statements to an insured concerning pertinent facts or fails to divulge pertinent facts to the insured." *McGee v. Omni Ins. Co.*, 840 So. 2d 1248, 1256 (La. Ct. App. 3d Cir. 2003), *writ denied*, 860 So. 2d 1149 (La. 2003), *and writ denied*, 860 So. 2d 1149 (La. 2003). Furthermore, insurers can be found liable under subsection (B)(1) for misrepresenting or failing to disclose pertinent facts not limited to only those facts relating to coverages. *Kelly v. State Farm Fire & Cas. Co.*, 169 So. 3d 328, 344 (La. 2015). This stems from "a duty to inform the insured . . . and generally keeping the insured apprised of those facts necessary for the insured to make a decision that is in their own personal

interest." *E.g., Kelly v. State Farm Fire & Cas. Co.*, 559 F. App'x 316, 321–22 (5th Cir. 2014), *opinion withdrawn and superseded on reh'g*, 582 F. App'x 290 (5th Cir. 2014), *certified question accepted*, 152 So. 3d 888 (La. 2014), *and certified question answered*, 169 So. 3d 328 (La. 2015).

Here, Lexington claims that Plaintiff has failed to state a claim under Section 1973; specifically, that Plaintiff failed under subsection (B)(1) to allege what the misrepresentation was and sufficient facts to demonstrate that the statement was made with the knowledge that it was a misrepresentation. Doc. 10-1, p. 4. On the other hand, Plaintiff argues that its Complaint alleged Lexington purposefully and/or negligently misrepresented the terms and conditions of the insurance policy in effect at the time of the loss, referring to Defendant's September 6, 2022 denial of coverage letter which invoked the vacancy provision in the Policy. Doc. 12., p. 6. From this, Plaintiff claims Defendant inspected the Property prior to issuing the Policy and had knowledge the Property was partially unoccupied, which establishes the alleged misrepresentation of the vacancy provisions. *Id.*

Pleadings perform the function of giving notice to the opposing parties, and the federal pleading rules generally require that a pleader put the other side on notice of the claim being asserted. Detailed assertions of facts underlying the claim generally are not required; that is, the plaintiff must state facts supporting a plausible, not just possible, claim. See *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Plaintiff's Complaint sets out that Lexington issued the Policy after an inspection of the Property that gave Lexington knowledge the Property was

partially unoccupied. Doc. 1, p. 3. Moreover, the Complaint claims that on September 9, 2022, Lexington inspected the Property after the claimed loss due to the burglary, which satisfied as a satisfactory proof of loss. *Id.*, pp. 2–3. The Complaint goes on to state that despite the satisfactory proof of loss, on September 6, 2022, Lexington denied coverage for the claim and cited to a vacancy provision in the Policy. *Id.*, p. 3. Therefore, tying this into a claim under Section 1973 and a theory of misrepresentation under subsection (B)(1), the Court finds that the Plaintiff has plead a sufficiently plausible claim that demonstrates misrepresentation as the true nature of the provisions of the Policy such that Lexington failed to uphold its "a duty to inform the insured . . . and generally keeping the insured apprised of those facts necessary for the insured to make a decision that is in their own personal interest." *Kelly*, 559 F. App'x at 321–22. Furthermore, the Complaint appears to allege that Lexington issued the Policy with terms and conditions, accepted the insured's premiums, and had knowledge that any claim could be denied based on the terms and conditions. Based on Lexington's knowledge of the condition of the Property before issuing the Policy with a vacancy provision, the denial of a claim based on the vacancy provision, *ceteris paribus*, is equivalent to Lexington holding pocket Aces. Lexington's Rule 12(b)(6) as to Plaintiff's misrepresentation claims is denied.

      Before moving to the remainder of the motion, the Court will briefly address Lexington's argument *first raised* in its Reply (15) that Louisiana Revised Statutes section 22:1973(B)(1) is subject to heightened pleadings standards under Rule 9(b). Doc. 15, p. 2 (emphasis added). In support of this proposition, Lexington cites a 2016 case from the Middle District of Louisiana that stated:

Page **5** of **8**

> Although the parties do not cite, and this court was unable to find, any case law applying Rule 9(b)'s heightened pleading standard to claims made pursuant to La. R.S. § 22:1973(B)(1), Plaintiffs' allegation that State Farm has breached its statutory duties by making a knowing misrepresentation of pertinent facts in order to gain an unfair advantage does seem to be an averment of fraud, even if not named as such by Plaintiffs. Accordingly, the court finds that Fed. R. Civ. P. 9(b) applies to Plaintiffs' claims.

*Pipkins v. State Farm Mut. Auto. Ins. Co.*, No. CV 16-83-SDD-EWD, 2016 WL 6518654, at *4 (M.D. La. Aug. 17, 2016), report and recommendation adopted, No. CV 16-83-SDD-EWD, 2016 WL 6471244 (M.D. La. Oct. 31, 2016). This Court declines to apply Rule 9(b) to claims made under subsection (B)(1).

### B. All open-ended allegations & Paragraphs 39, 41(b), & 41(d) of the Complaint

Next, Lexington moves to dismiss all open-ended allegations in the Complaint, and specifically to strike Paragraphs 39, Paragraph 41(d), and the "etc." set forth in Paragraph 41(b). Doc. 10. Plaintiff counters that notice pleading under Rule 8 only requires a short and plain statement of the claim to show it is entitled to relief, and that further discovery is anticipated to flesh out the allegations set forth in Paragraphs 39, 41(b), and 41(d). Doc. 12., p. 5.

#### 1. *All open-ended allegations*

Lexington moves the Court to dismiss/strike "all open-ended allegations set forth in the Complaint[.]" Doc. 10. The Court typically disfavors omnibus motions or rulings *in globo* and will not make an exception here.

### 2. Paragraph 39

The Complaint states: "Upon information and belief, further evidence of Defendant's bad faith will be revealed through the discovery process." This amounts to what the Plaintiff anticipates will happen as a result of discovery. While technically not a claim, the Court finds it premature to dismiss or strike this paragraph from the Complaint because doing so will only cause confusion in the discovery stage and beyond.

### 3. Paragraph 41(b)

The Complaint states:

> Bad faith claims adjusting practices, including but not limited to, failing to adequately adjust Complainant' claims; failing to timely initiate loss adjustment; misrepresentation of the terms of the applicable insurance Policy; purposeful or negligent under-scoping of damages leading to a failure to pay the relevant claims; purposeful price manipulation leading to a failure to pay the relevant claims; failure to pay timely for damages Maison knew, or should have known, existed at the time of the original adjustment; failing to timely tender adequate supplemental payment(s), etc.; . . . .

Again, excising "etc." from the Complaint at this stage is premature and would only cause confusion later in discovery.

### 4. Paragraph 41(d)

The Complaint states: "Any and all other legal theories of recovery that become apparent during the discovery process and proven at the trial of this matter. Lastly, ruling on this paragraph is premature too.

In all, as Lexington identifies, under Federal Rule of Civil Procedure 15(b), a pleading may be amended during or after trial, or even after judgment, to conform to the

evidence. The Court therefore denies the remaining parts of this motion as stated in Part III.B of this Memorandum Ruling.

### IV. <u>CONCLUSION</u>

For the reasons stated above, Defendant Lexington's Motion to Dismiss (Doc. 10) is denied in full. However, because the Court finds that Lexington's claims to dismiss all open-ended allegations set forth in the Complaint, specifically including Paragraphs 39, Paragraph 42(d), and the "etc." set forth in Paragraph 41(b) are premature, the Court will order the parties conduct relevant discovery so that Plaintiff will file an amended complaint within 90 days of this order alleging sufficient facts to address Defendant's concerns.

**THUS DONE AND SIGNED** in Chambers on this 22nd day of February 2023.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**